# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3289 | **DATE** | 5/7/2004 |
| **CASE TITLE** | USA ex rel. Thomas F. Asch, et al vs. Teller, Levit & Silvertrust | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 3 Jun. 04 at 9:00 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: The Court finds that Relator is entitled to summary judgment on the amended complaint on the issue of liability.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | Document Number |
|---|---|---|---|
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | MAY 07 2004 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 93 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| WAP | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex. rel.*, THOMAS F. ASCH and PEOPLE OF THE STATE OF ILLINOIS, *ex. rel.*, THOMAS F. ASCH,<br><br>Plaintiffs,<br><br>v.<br><br>TELLER, LEVIT & SILVERTRUST, P.C., an Illinois corporation,<br><br>Defendant. | FILED<br>MAY 7 2004<br>JUDGE HARRY D. LEINENWEBER<br>U.S. DISTRICT COURT JUDGE<br>Case No. 00-C-3152<br><br>Hon. Harry D. Leinenweber |



## MEMORANDUM OPINION AND ORDER

This is a *qui tam* action brought pursuant to the federal False Claim Act (31 U.S.C. § 3729) and the state Whistle Blower Act (740 ILCS 175/3). The defendant is a law firm, Teller, Levit, & Silvertrust (hereinafter, "Teller"), that specializes in collection law. The court previously granted Teller's Motion for Summary Judgment, but at Relator's request, reconsidered and then denied the motion. The court now has before it Relator's Motion for Summary Judgment.

### I. BACKGROUND

The facts are neither complicated nor seriously in dispute and have been set forth in narrative form at least twice, once by this court in the previous summary judgment ruling and a second time by the court's colleague, Judge Gottschall, in a memorandum opinion she wrote granting summary judgment in a companion class action suit in

favor of Relator, who, in that case, is plaintiff and class representative. See, Asch v. Teller, Levit & Silvertrust, 2003 WL 22232801 (N.D. Ill. Sept. 26, 2003)

Teller has denied outright only two of Relator's 116 statements of material fact. Teller however denied a number of Relator's statements contending they do not have support in the record, without specifically denying the truth of the statement asserted. The efficacy of such a response is doubtful but, nevertheless, even discounting all of these statements, the undisputed facts remaining show that Teller, 85 percent of the time over a thirteen-year period, failed to credit payments made on the debts it was collecting in a timely manner. Teller credited these payments as having been made as of the date its staff deposited the payments into the bank account it maintained for that purpose, which was often several days after the date the payment was received. This was the case whether a payment was received in cash, by check, or by payment from a garnishee. Teller was unable to give any principled reason why the payments could not and should not have been credited as of the date of their actual receipt. Teller agreed that a delay in crediting a payment must necessarily increase the amount of interest a debtor will pay to satisfy fully a judgment entered against him.

Based on these facts, Judge Gottschall found that Teller's conduct amounted to the making of "false representations" in violation of the Fair debt Collection Practices Act and fraudulent conduct in violation of the Illinois Consumer Fraud and Deceptive

Business Practices Act and the Illinois Deceptive Trade Practices Act. Relator argues that Judge Gottschall's ruling constitutes collateral estoppel, requiring this court to enter summary judgment in his favor. Teller argues that collateral estoppel does not apply because Judge Gottschall's ruling is interlocutory and not final. However, the law in this circuit is otherwise.

## II. **DISCUSSION**

Collateral estoppel prevents a party from relitigating an issue the party has already litigated and lost. *Gilldorn Savings Association v. Commerce Savings Association*, 804 F.2d 390, 392 (7th Cir. 1986). In addition, the court in *Gillhorn* said that, "although the Texas order [the one relied on for collateral estoppel] was interlocutory and therefore not subject to appeal, 'the need for a final judgment is not as compelling when the question is whether the determination of a single issue actually decided in the first action should be given conclusive effect in the latter action between the parties on a different claim.'" Quoting from *In re Electric Weld Steel Tubing Antitrust Litigation*, 512 F.Supp. 81, 83 (N.D. Ill. 1981) at 804 F.2d at p. 394. What was important, according to the Seventh Circuit, was whether the issue was actually and necessarily decided and whether party to be estopped "had the opportunity and the incentive to litigate the issue aggressively." *Id.*

Since there is no indication that Teller was prevented from aggressively litigating the issues in the Class Action case, the question before this court is whether the issues decided in the Class

- 3 -

Action are the same or similar enough to the critical issues in this *Qui Tam* action to preclude Teller from contesting them. In order to violate either the federal or the Illinois Act a person must "knowingly [make, use or cause to be made or use], a false record or statement to get false or fraudulent claim paid or approved by the government." In the Class Action, Judge Gottschall specifically found "that a result of Teller, Levit's improper crediting of debtor's debt, it "falsely represented the amount of a debtor's debt and used these false representations to collect additional interest from debtors. . . ." Since Teller reported to the Illinois Student Assistance Commission (the "ISAC") the amount currently owed by a debtor from time to time, which included the additional interest improperly added, it must have falsely represented the amount owed to ISAC, and the amount still to be collected. The benefit to Teller (and the false payment received from ISAC in the form of its fee), would occur when the debtor paid off the judgment against him. This last payment contains the improperly added interest upon which Teller would claim its 18 percent share as its fee. Thus the same representations found to be false and fraudulent in the Class Action case are the ones that form the bases of Relator's complaint that Teller made false representations to ISAC. Therefore the same issues of fact and law were necessarily litigated in the class action case as are being litigated in this case. Accordingly, Teller is collaterally estopped from contesting liability in this case.

Moreover, there is an alternative reason to award Relator summary judgment. In this court's decision on rehearing in which Teller's Motion for Summary Judgment was denied, it held that Teller's conduct might well constitute "claims for payment . . . that were knowingly false," because "knowingly" is defined to include, "in addition to actual knowledge, deliberate indifference and reckless disregard to the truth of the statements [of claims]." The evidence presently before the court shows that Teller was deliberately indifferent and reckless as a matter of law and no jury could find otherwise.

Teller is a Chicago law firm whose business includes prosecution of consumer collection actions. A large portion of its consumer collection business involves collection of defaulted student loans on behalf of the Illinois Student Assistance Commission (the "ISAC"). This amounted to between 5,000 and 6,000 open accounts each year during the ten-year period, 1990 to 2000. Although one partner of Teller believed that the payments should have been immediately corrected, Teller's managing partner, Harold Stotland, believed it was all right to credit them at a later date so long as it was done within a reasonable period of time. He, however, does not consider himself an expert on consumer collection law and has neither researched the question, nor consulted a professional regarding the date when a payment ought to be credited. Teller relied upon its office non-professional staff to receive, credit and deposit all payments received on ISAC loans. Teller neither trained nor

supervised its staff as to when payments were to be credited. No attorney reviewed for accuracy the semimonthly reports of collections Teller made to ISAC.

As stated above, even if there was no issue preclusion, the conduct of Teller amounts to knowingly making a false statement under the "deliberate indifference and reckless disregard to the truth" standard. Here is a law firm that specializes in collection matters that claims to be unaware of the requirement that payments be credited as of the date the payments were received. No one attorney for Teller ever bothered giving the matter any thought. No person having specialized knowledge of such matters such as a CPA was consulted, no attorney oversaw the work of the non-attorney employees who were involved in the actual receipt of account payments, or gave the employees any guidance on how they should handle such payments. Such conduct certainly constitutes deliberate indifference and reckless disregard as a matter of law.

Teller next argues that, even if its statements made to ISAC were false, the False Claims Acts require materiality as an element of the proof of the claim. Relator must show that Teller's goal was to convince ISAC to pay claims it would not otherwise have paid. Whether materiality is a necessary element in a False Claims case (Relator argues it is not) materiality under Teller's theory is necessarily present here because, Teller, in effect, paid itself. Its practice, countenanced by its agreement with ISAC, allowed Teller to deduct its fee of 18 percent from its submittals to ISAC. Thus,

had Teller correctly credited the payments on the date they were received, it would have deducted 18 percent from the correct amount rather than an inflated amount. Thus, its submittal of false claims to ISAC allowed it to deduct inaccurately inflated amounts as its fees.

Finally Teller argues that, at least at some point, ISAC employees were made aware of its improper statements. However knowledge and even acquiescence on the part of a government employee is not a defense to a false claims Act case because, if that were so, a contractor in cahoots with a government official would be insulated from a false claims Act suit.

### III. CONCLUSION

For the reasons stated herein, the court finds that Relator is entitled to summary judgment on the amended complaint on the issue of liability.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Date: May 7, 2004